UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| CHARLES E. HENSLEY, JR., | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 04-425-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JOHN MOTLEY, WARDEN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [Record No. 1] and the Respondent's Motion to Dismiss [Record No. 13]. Consistent with local practice, this action was referred to Magistrate Judge J.B. Johnson, Jr. for a Report and Recommendation. No objections to the Report and Recommendation have been filed and the matter is ripe for the Court's review.

After considering the parties' pleadings and reviewing the Report and Recommendation, the Court believes that the Magistrate Judge's recommendation should be adopted. In making this determination, the undersigned does not agree with several comments contained in the Report and Recommendation. However, this disagreement does not change the final outcome. Accordingly, Hensley's Petition for Writ of Habeas Corpus will be dismissed, without prejudice, and the Respondent's motion to dismiss will be granted.

**I.     BACKGROUND**

The Petitioner is currently serving a life sentence following his September 3, 2002, conviction in the Harlan County Court for the murder of Rocky Haywood. Since that time, the

Petitioner has had a number of appointed appellate attorneys, who have sought and obtained several extensions of time to file briefs on his behalf.[1] On August 27, 2004, Hensley filed a *pro se* petition for habeas corpus with this Court based on his frustration with the numerous delays in having his state appeal completed. At that time, his direct appeal brief had not yet been filed. However, on February 7, 2005, that appellate filing occurred. The Commonwealth's response is due to be filed this month. At that point, Hensley's direct appeal will be ripe for review by the Supreme Court of Kentucky.

## II. ANALYSIS

The Magistrate Judge noted in his Report and Recommendation that, because Hensley's appeal is now proceeding and will be considered by the Supreme Court of Kentucky, the balance tips in favor of dismissing, without prejudice, the petition for writ of habeas corpus. Specifically, the Magistrate Judge noted that the United States Supreme Court has emphasized that states should be given the first opportunity to address alleged constitutional violations. Moreover, Magistrate Judge Johnson recommended dismissing, without prejudice, Hensley's petition because habeas review is limited to consideration of federal constitutional errors whereas Hensley's direct appeal may involve questions of state law that could not be considered by this Court on habeas review.

This Court agrees with the United States Magistrate Judge that the petition should be dismissed, without prejudice, inasmuch as Hensley's direct appeal is now pending for consideration

---

[1] Likewise, there have been several requests for extension of time filed in this action. On November 3, 2004, the Defendant sought and was granted a 60 day extension of time to answer Hensley's petition for habeas corpus relief. A similar motion was granted by the Magistrate Judge on January 11, 2005. On that date, the Respondent was given an additional 60 days to answer. The Respondent moved the Court to dismiss this action on March 1, 2005. On March 3, 2005, the Magistrate Judge entered an Order giving Hensley 30 days to file a response to the motion to dismiss.

by the Kentucky Supreme Court. At this time, there is no final state court decision for this Court to review. Moreover, there is no reason for this Court to believe that Hensley's direct appeal will "continue[] to languish" or that the outcome will be "contrary to" or will "involve an unreasonable application of, clearly established Federal law."

While the undersigned agrees with the Magistrate Judge's conclusions, the Court does not necessarily agree with some of the gratuitous comments and speculation such as the statement that the most recent state court filing by Hensley's appellate counsel was "perhaps spurred by the filing of this federal habeas petition" or that "no defendant should have to wait this long for his appeal to be briefed." The undersigned also disagrees with the Magistrate Judge's "suggestion" to the Petitioner that

> [i]f [his] direct appeal continues to languish, or if he believes the result of the direct appeal "is contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *see* 28 U.S.C. §2254(d), then Hensley may return to federal court and pursue habeas relief.

[Record No. 16, pp. 7-8]. Although this may be the outcome, it is not the place of the Court to provide legal advice to litigants. The above statement, combined with other comments contained in the Magistrate Judge's Report and Recommendation, may be viewed as such a recommendation which is not being adopted by the undersigned.

Finally, the Court disagrees with the Magistrate Judge's conclusion that Hensley has satisfied the substantive and procedural requirements of *Slack v. McDaniel*, 529 U.S. 473 (2000). Although there has been delay in the state court (and in this Court) in having issues briefed and presented for review, under the facts presented, the undersigned does not believe that a reasonable jurist could

conclude that such delay renders state remedies unavailable, thereby excusing the requirement that state remedies be exhausted. In short, Hensley has not shown the denial of his right to direct appeal or that he has been denied effective assistance of counsel.

Accordingly, it is hereby **ORDERED** as follows:

1. Petitioner Charles Hensley's petition for a writ of habeas corpus [Record No. 1] is **DISMISSED**, without prejudice, and stricken from the Court's docket.

2. Respondent John Motley's motion to dismiss on the ground that the Petition is moot [Record No. 13-1] is **GRANTED**. The Respondent's alternate motion for a further extension of time [Record No. 13-2] is **DENIED** as moot.

3. Except as noted above, the Report and Recommendation of the Magistrate Judge, together with the rationale which has not been rejected by the undersigned, is adopted by reference.

4. This Court finds that any appeal would not be taken in good faith.

This 21st day of April, 2005.



Signed By:
*Danny C. Reeves*  DCR
**United States District Judge**